**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| **AMY STORCH, SAMANTHA CURRY,** and **JENNA PLOTKIN,** Individually, and on behalf of themselves and other similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>**HMS HOST CORPORATION**<br>a Delaware Corporation, and<br>**HMS HOST USA, INC.,**<br>a Delaware Corporation<br><br>Defendants. | No. _____<br><br>FLSA Opt-in Collective Action<br>**JURY DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Amy Storch, Samantha Curry, and Jenna Plotkin (collectively "Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former tipped employees, bring this collective action against Defendants, HMS Host Corporation and HMS Host USA, Inc., allege as follows:

### I.      INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, seeking all available relief owed for unpaid wages to Plaintiffs and other similarly situated current and former tipped employees (i.e. servers and bartenders) who are members of a class as defined herein and currently or previously employed by Defendants.

1

## II.     JURISDICTION AND VENUE

2.   The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants' headquarters are located in this district, Defendants regularly have conducted and continue to conduct business in this district, and Defendants have engaged and continue to engage in wrongful conduct alleged herein in this district, during all material times to this cause of action.

## III.     CLASS DESCRIPTION

4.   Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid tipped employees (servers and bartenders) of Defendants in the United States who work (or have worked) at Defendants' restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), (collectively, "the class").[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

5. HMS Host Corporation is a Delaware corporation with its corporate headquarters located at 6600 Rockledge Drive, Bethesda, Maryland 20817-1080. HMS Host Corporation is a multinational, multibillion-dollar corporation. HMS Host Corporation has been an "employer" or "joint employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Upon information and belief, HMS Host Corporation is the parent company of HMS Host USA, Inc. According to the Maryland Department of Assessments and Taxation, HMS Host Corporation may be served through its resident agent for service of process: The Prentice-Hall Corporation System, St. Paul Street Suite 820, Baltimore, MD 21202.

6. Defendant HMS Host USA, Inc. is a Delaware corporation with its corporate headquarters located at 6905 Rockledge Drive, Bethesda, Maryland 20817-1828. HMS Host Corporation and HMS Host USA, Inc. share the same corporate headquarters and have been an "employer" or "joint employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. HMS Host USA, Inc. owns and operates food and beverage franchises in major airports across the United States and in malls and travel centers located in the northeastern United States. Upon information and belief, HMS Host Corporation is the parent company of HMS Host USA, Inc. According to the Maryland Department of Assessments and Taxation, HMS Host USA, Inc. may be served through its resident agent for service of process: CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.

7. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.C, § 203(r).

8. Plaintiff Amy Storch was formerly employed by Defendants as an hourly-paid tipped employee at their Carrabba's Italian Grill and Shula Burger restaurants located in the Tampa International Airport during the relevant period herein. (Plaintiff Storch's Consent to Join this collective action is attached hereto as *Exhibit A*.)

9. Plaintiff Samantha Curry was employed by Defendants as an hourly-paid tipped employee at their Carrabba's Italian Grill restaurant located in the Tampa International Airport during the relevant period herein. (Plaintiff Curry's Consent to Join this collective action is attached hereto as *Exhibit B*.)

10. Plaintiff Jenna Plotkin was employed by Defendants as an hourly-paid tipped employee at their Carrabba's Italian Grill and Shula Burger restaurants located in the Tampa International Airport during the relevant period herein. (Plaintiff Plotkin's Consent to Join this collective action is attached hereto as *Exhibit C*.)

## V. ALLEGATIONS

11. Upon information and belief, Defendants own and operate a multitude of branded restaurants located within airports across the United States.

12. The primary function of Defendants' restaurants is to sell and serve food and beverage items to customers.

13. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

14. Defendants have employed Plaintiffs and those similarly situated and were responsible for establishing and administering their pay and overtime rates of pay during all times relevant to this collective action lawsuit.

15. Defendants have had a centralized, unified and common plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives to managers to stay within or below such budgeted labor on the one hand even though such budgeted labor was/is inadequate to meet the operational demands and needs of their restaurants. In turn, this scheme forced Defendants' managers to encourage, entice, condone, induce, permit and/or require Plaintiffs and those similarly situated to perform work "off the clock" before and after their scheduled shifts and to perform non-tip producing preparation and maintenance tasks more than twenty (20%) percent of their work time while only receiving a tip credit wage.[2]

16. Defendants have had a centralized, unified and common plan, policy and practice (scheme) of working Plaintiffs and similarly situated class members "off the clock. Accordingly, Plaintiffs' and Class Members' "off the clock" claims are unified by a common theory of Defendants' FLSA statutory violations.

17. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

---

[2] *Id.*; *See also* U.S. Department of Labor, Wage and Hour Division, Field Operations Handbook § 30d00(e)-(f) (Dec. 9, 1988), available at https://www.dol.gov/whd/FOH/FOH_Ch30.pdf.

18. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

19. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are enterprises in interstate commerce and their employees are engaged in interstate commerce.

20. Defendants have and continue to employ Plaintiffs and putative class members who are classified as "tipped employees" but who routinely perform non-tipped tasks and thereby are deprived of the opportunity to earn tips during their shifts.

21. Defendants have and continue to employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of their restaurants.

22. Plaintiffs and putative class members were regularly required to perform work duties off the clock before and/or after their regularly scheduled shifts for at least one (1) to three (3) hours per shift. Plaintiffs spent this "off the clock" time performing duties for Defendants, such as, but not limited to, preparing the restaurant and bar for customers by cutting fruit, cleaning and sweeping, and rolling silverware.

23. As a result, Plaintiffs and the other members of the class are entitled to at least the applicable FLSA minimum wage for all such aforementioned "off the clock" time. In addition and at all times material to this action, and pursuant to Defendants' centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been required to perform tasks tangentially related to their tipped occupation, yet non-tip producing, such as maintenance, housekeeping and preparation "side work" for one (1) to three (3) hours each shift, such as refilling sugar caddies, salt and pepper, and

condiments, cleaning chairs, tables, booths, and performing pre-opening and pre-closing cleaning tasks (such as vacuuming and/or sweeping the server's assigned area and checking dishes, napkins, and utensils) in excess of twenty (20%) percent of their work time, while only receiving a tip credit wage. *See* 29 U.S.C. §§ 203(m) and 203(t); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872 (8th Cir. 2011); *see also Marsh v. J. Alexander's LLC*, Nos. 15-15791, 15-15794, 15-16561, 15-16659, 16-15003, 16-15004, 16-15005, 16-15118, 16-16033, 2018 U.S. App. LEXIS 26387 (9th Cir. Sep. 18, 2018).

24. As a result, Plaintiffs and other members of the class are entitled to at least the applicable FLSA minimum wage for all such twenty percent plus "side work" without applying a tip credit.

25. The U.S. Department of Labor's Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

26. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

27. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiffs and other class members to perform "off the clock" work before and after their scheduled shifts and to perform preparation and maintenance "side work" of more than twenty (20%) percent of the time while only being paid a tip credit wage was to stay within the "budgeted labor" costs for Defendants' restaurants in order to save on payroll costs and taxes. As a consequence, Defendants have violated the FLSA and enjoyed ill-gained profits at the expense of their tipped employees, including Plaintiffs and class members.

28. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.   COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

30. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

31. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery, Plaintiffs believe due to the size of Defendants' operations, there are at least hundreds, if not thousands, of individuals in the class.

32. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class who work or have worked for Defendants at their restaurants were subjected to the same operational, compensation and timekeeping policies and practices, including not being paid for all aforementioned "off the clock" work before and after their assigned shifts and not being compensated at least the FLSA minimum wage for time spent performing non-tip producing "side work" in excess of twenty (20%) percent of their work time, all having been characterized and referred to as "off the clock" claims.

33. As a result of this, the "off the clock" claims of Plaintiffs and members of the class are unified by common theories of Defendants' FLSA statutory violations.

34. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiffs and other members of the class were expected and/or required to perform work without compensation;

    - Whether Defendants suffered and permitted Plaintiffs and other members of the class to perform work without compensation;

    - Whether Defendants failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage for all work performed;

    - The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

    - Whether Plaintiffs and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

    - Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs.

35. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in FLSA collective action litigation.

36. Here, the collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burdens of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burdens of litigating individual actions that would

make it virtually impossible for other members of the class to individually seek relief for the wrongs done to them.

37. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FLSA VIOLATION – RELATED DUAL OCCUPATION VIOLATIONS
**(On Behalf of the Class)**

38. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 37 above, as if they were fully set forth herein.

39. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all times relevant herein, Defendants employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

41. At all times relevant and based on the aforementioned allegations, Defendants have had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class minimum wage for all related "dual occupation" job duties, such as (but not limited to), refilling sugar caddies, salt and pepper shakers, ice, and condiments, cleaning chairs, tables, booths, and performing pre-closing and cleaning tasks (such as vacuuming and/or sweeping the server's assigned area and checking dishes, napkins, and utensils, cleaning the bar, wiping down bottles, restocking beer, cleaning taps and bar, cleaning bar area tables, and washing bar glasses and other related, non-tip producing preparation and maintenance "side work" in excess of twenty (20%) percent of

their time at only a tip credit wage and without receiving the applicable FLSA minimum wage rate of pay.

42. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class minimum wage for all time spent performing related, but non-tip producing job duties in excess of twenty (20%) percent of their work time.

43. As a result of Defendants willful failure to compensate Plaintiffs and other members of the class for at least the applicable minimum wage rate wage for all time spent performing related, but non-tip producing job duties in excess of twenty (20%) percent of their work time, Defendants have violated and continue to violate the FLSA.

44. Plaintiffs and the other members of the class are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA for all time spent performing related, non-tip producing job duties in excess of twenty (20%) percent of their work time and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## COUNT II
## FLSA VIOLATION – OFF THE CLOCK WORK
**(On Behalf of the Class)**

45. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 44 above, as if they were fully set forth herein.

46. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all times relevant herein, Defendants employed (and/or continues to employ) Plaintiffs and members of the class within the meaning of the FLSA.

48. At all times relevant and based on the aforementioned allegations, Defendants have had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class minimum wage for "off the clock" work performed before their regularly scheduled shifts.

49. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class minimum wage for all time spent performing job duties "off the clock" before and after their regularly scheduled shifts

50. As a result of Defendants willful failure to compensate Plaintiffs and other members of the class for at least the applicable minimum wage rate wage for all time spent performing job duties "off the clock" work before and after their regularly scheduled shifts, Defendants have violated and continue to violate the FLSA.

51. Plaintiffs and the other members of the class are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA for all time spent performing job duties "off the clock" work before and after their regularly scheduled shifts, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

**PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and on behalf of all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.     On Counts I and II, an award of compensation for unpaid minimum wages to Plaintiffs and the other members of the class at the applicable FLSA minimum wage rate of pay; On Counts I and II, an award of liquidated damages to Plaintiffs and other members of the class; or in the alternative an award of prejudgment interest.

C.     On Counts I and II, an award of post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

D.     On Counts I and II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

E.     On Counts I and II, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

F.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand **A TRIAL BY JURY** on all issues so triable.

Dated: October 26, 2018                     Respectfully Submitted,

<u>s/Timothy F. Maloney</u>
Timothy Maloney (Fed. Bar ID #03381)
Alyse L. Prawde (Fed. Bar ID #14676)
**Joseph, Greenwald & Laake, P.A.**
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Phone: (301) 220-2200
Fax: (240) 553-1737
tmaloney@jgllaw.com
aprawde@jgllaw.com


<u>s/Gordon E. Jackson</u>
Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
Robert E. Turner, IV* (TN BPR #65634)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*
*rturner@jsyc.com*

*Attorneys for the Plaintiffs*

*\*Pro Hac Vice Admission Anticipated*